**Michael VILLARREAL, Petitioner,**

**v.**

**DEPARTMENT OF JUSTICE,**
**Respondent.**

**No. 03–3246.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 7, 2004.

---

Before MICHEL, BRYSON, and LINN, Circuit Judges.

## DECISION

### PER CURIAM.

Michael Villarreal petitions for review of a decision of the Merit Systems Protection Board, Docket No. DE–0842–01–0440–1–1, in which the Board held that his position does not entitle him to be treated as a law enforcement officer for civil service retirement purposes. We *affirm*.

## BACKGROUND

Mr. Villarreal is employed as a center adjudications officer with the Immigration and Naturalization Service ("INS"). Prior to assuming that position, Mr. Villarreal served as a border patrol agent with the INS for approximately eight years.

Center adjudications officers are responsible for processing applications for various immigration benefits. A center adjudications officer examines the documents submitted in support of the application for benefits. If the officer suspects that the submitted documents are not authentic or that the application is fraudulent, the officer brings the matter to the attention of a different division of the INS for investigation. The center adjudications officer is not involved in the follow-up investigation. The INS considers the center adjudications officer position to be an inspection position, not a law enforcement position.

The federal civil service retirement laws extend special retirement benefits to persons who serve as law enforcement officers. The Federal Employees' Retirement System Act identifies two types of law enforcement officer ("LEO") credits–primary and secondary. Primary LEO credit is granted to employees in positions that involve the investigation, apprehension, or detention of criminals or criminal suspects. 5 U.S.C. § 8401(17)(A)(i). Secondary LEO credit is granted to employees who first work for at least three years in a qualifying LEO position and then transfer directly into a supervisory or administrative position in law enforcement. 5 U.S.C. § 8401(17)(C). A "supervisory position" for purposes of secondary LEO retirement credit is defined by regulation as a position "whose primary duties are as a first-level supervisor [of] law enforcement officers or firefighters in rigorous positions." An "administrative position" is defined as "an executive, managerial, technical, semiprofessional, or professional position for which experience in a rigorous law enforcement or firefighting position, or equivalent experience outside the Federal Government, is a mandatory prerequisite." 5 C.F.R. § 842.802(c). To qualify for secondary LEO credit, an employee must therefore hold either a supervisory law enforcement position or an administrative position for which prior law enforcement experience is a mandatory prerequisite.

After transferring to his position as a center adjudications officer, Mr. Villarreal

sought to receive secondary LEO service credit based on his prior service as a border patrol agent. The INS denied him secondary LEO service credit on the ground that the center adjudications officer position is not supervisory and does not require prior law enforcement experience. Mr. Villarreal appealed that decision to the Merit Systems Protection Board. The administrative judge assigned to Mr. Villarreal's case heard testimony regarding the requirements of the center adjudications officer position. Based on evidence that the vast majority of center adjudications officers did not have prior law enforcement experience, the administrative judge concluded that prior law enforcement experience was not a requirement of the job. The full Board denied a petition for review of that decision, and Mr. Villarreal now seeks review by this court.

## DISCUSSION

■ Mr. Villarreal first argues that 8 C.F.R. § 287.5, which grants center adjudications officers, among others, the power to arrest under certain circumstances, converts the center adjudications officer position into a qualifying secondary LEO position. The authorization to arrest, however, merely grants the incumbents, among others, certain limited law enforcement powers. In order to qualify for secondary LEO credit, a position must, inter alia, have as a prerequisite three years of law enforcement experience. Because there is no such prerequisite for the center adjudications officer position, it does not qualify for secondary LEO credit, even though the incumbents of the position may be authorized to perform some law enforcement functions.

■ Second, Mr. Villarreal states that the INS has classified some positions as "dual track" positions, i.e., positions involving both law enforcement and administrative duties, in which certain qualifying employees receive LEO credit while others do not. He contends that the center adjudications officer position should be classified as a dual track position and that the agency's failure to treat that position as dual track and to accord him LEO credit for his service in the position violates his right to the equal protection of the laws.

The government points out that the purpose of the secondary LEO credit provision of the LEO retirement statute is to provide an incentive for law enforcement officers to remain in federal service in supervisory and administrative law enforcement positions. To that end, the INS has created particular administrative positions in which employees with prior law enforcement experience receive additional LEO credits, even though some incumbents of those positions are not receiving LEO retirement benefits. INS has not made the position of center adjudications officer a dual track position because it is not an administrative position that involves duties relating directly to law enforcement. The agency's distinction between those administrative positions that relate directly to law enforcement and the position of center adjudications officer, which does not, is a rational one. Accordingly, the agency's refusal to give secondary LEO credit to incumbents of the center adjudications officer position does not deprive employees such as Mr. Villarreal of their right to the equal protection of the laws.

■ Finally, Mr. Villarreal argues that the administrative judge's decision was unsupported by substantial evidence. He argues that the administrative judge failed to consider testimony that some center adjudications officers had prior law enforcement experience while others did not, and that referrals by adjudications officers could lead to felony arrests. There is no

indication that the administrative judge failed to consider the evidence on either point. That evidence was simply not relevant to Mr. Villarreal's entitlement to LEO credit. The governing regulation requires that in order for an administrative position to qualify for secondary LEO credit the position must require prior law enforcement experience. Therefore, it does not matter if the position is administrative in nature or supports some law enforcement functions; the fact that it does not require prior law enforcement experience is a sufficient basis for ruling that it does not meet the regulatory requirements. We therefore reject Mr. Villarreal's contention that the administrative judge's decision was unsupported by substantial evidence.