**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 69**

Docket No. NY-0842-13-0139-I-1

**Christopher Vincent Kroll,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

August 26, 2014

<u>Christopher Vincent Kroll</u>, West Seneca, New York, pro se.

<u>Matthew C. Landreth</u>, Buffalo, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## <u>OPINION AND ORDER</u>

¶1 The appellant has filed a petition for review of the initial decision which affirmed the agency's reconsideration decision denying his request for enhanced retirement benefits as a Customs and Border Patrol Officer (CBPO) under the Federal Employees' Retirement System. We DENY the appellant's petition for review and AFFIRM the initial decision.

## <u>BACKGROUND</u>

¶2 The appellant began working as a Customs Inspector in November 1986, and he remained in that position until July 2004, when he began serving as a

CBPO. Initial Appeal File (IAF), Tab 9, Subtabs 4n, 4r. The appellant served as a CBPO until November 2007, at which time he was selected for an Automated Commercial Systems (ACS) Specialist position. IAF, Tab 9, Subtab 4m.

¶3        The parties stipulated that, during March and April 2008, the agency's Office of Human Resource Management initially considered the ACS Specialist position to be a "secondary" position for purposes of enhanced CBPO retirement coverage. IAF, Tab 16 at 5, 7; Tab 9, Subtab 4t. However, the agency made a final determination in 2008 that the ACS Specialist position was not a covered position and notified the appellant that he was not eligible for enhanced CBPO retirement coverage. IAF, Tab 16 at 5, 7, Tab 9, Subtab 4k. The appellant thereafter requested reconsideration of the agency's determination. IAF, Tab 9, Subtab 4k. In a decision dated February 21, 2013, the agency denied the appellant's request. IAF, Tab 9, Subtab 4b. The agency notified the appellant that, although his service from November 24, 1986, to November 24, 2007, constituted service in primary positions, his service in the ACS Specialist position was neither a primary nor a secondary position and therefore constituted a break in coverage under the governing statute and regulations discussed below. *Id*. at 1-7. Because the ACS Specialist position was neither a primary nor a secondary position, the agency concluded that the appellant was not entitled to enhanced retirement coverage. *Id.* at 8.

¶4        The appellant filed a Board appeal, contending that his service in the ACS Specialist position qualified him for enhanced retirement benefits because, inter alia, his work in that position was similar to that of a CBPO and the agency had not recently updated the ACS Specialist position description to account for the duties actually performed. IAF, Tab 1, Tab 15 at 4. The administrative judge affirmed the agency's reconsideration decision based on the written record. IAF, Tab 25, Initial Decision (ID) at 1. Specifically, the administrative judge determined that, because prior experience as a CBPO was not a mandatory prerequisite for the position of ACS Specialist, the appellant failed to establish

that he occupied a secondary CBPO position entitling him to enhanced retirement benefits.  ID at 5; *see* IAF, Tab 9, Subtab 4b, Tab 16.

¶5      The appellant has filed a petition for review challenging the initial decision, and the agency has filed a response in opposition to the appellant's petition.  Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

¶6      The appellant bears the burden of proving his entitlement to enhanced retirement coverage.  *Olszak v. Department of Homeland Security*, 117 M.S.P.R. 75, ¶ 5 (2011), *aff'd*, 475 F. App'x 757 (Fed. Cir. 2012).  Eligibility for enhanced retirement coverage is strictly construed because it is more costly to the government than traditional retirement plans and often results in the retirement of important people at a time when they would have otherwise continued to work for a number of years.  *Id.*, ¶ 12.

¶7      A CBPO "who is separated from the service, except by removal for cause on charges of misconduct or delinquency . . . after completing 25 years of service . . . [or] after becoming 50 years of age and completing 20 years of service" is entitled to an annuity.  5 U.S.C. § 8412(d)(1)-(2).  Section 8401(36) of Title 5 defines the term CBPO as "an employee in the Department of Homeland Security (A) who holds a position within the GS–1895 job series (determined by applying the criteria in effect as of September 1, 2007) or any successor position, and (B) whose duties include activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry . . . ."

¶8      OPM has promulgated regulations to govern the CBPO enhanced retirement coverage program and to carry out the foregoing statutory provisions.  5 C.F.R. § 842.1001.  Pursuant to those regulations, an employee's service in both "primary" and "secondary" CBPO positions will count toward his eligibility for enhanced retirement benefits.  *See* 5 C.F.R. §§ 842.1002, 842.1003.  Section 1003 of Part 842 defines the terms "primary position" and "secondary position":

*Primary position* means a position classified within the Customs and Border Protection Officer (GS-1895) job series (determined applying the criteria in effect as of September 1, 2007) or any successor position whose duties include the performance of work directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry.

*Secondary position* means a position within the Department of Homeland Security that is either—

(1) Supervisory; i.e., a position whose primary duties are as a first-level supervisor of customs and border protection officers in primary positions; or

(2) Administrative; i.e., an executive, managerial, technical, semiprofessional, or professional position for which experience in a primary customs and border protection officer position is a prerequisite.

¶9 The parties stipulated below that the only matter in dispute is whether the appellant's ACS Specialist position qualified as a secondary CBPO position and, further, that the position of ACS Specialist does not qualify as a supervisory position for coverage purposes. ID at 6; IAF, Tab 16 at 5, 8, Tab 17. Therefore, in order to qualify under the remaining "administrative" prong of section 842.1003, the appellant was required to establish that the ACS Specialist position was "an executive, managerial, technical, semiprofessional, or professional position for which experience in a primary [CPBO] position is a prerequisite."

¶10 The record, however, is devoid of evidence that experience as a CBPO is a prerequisite for the ACS Specialist position. The appellant stipulated that neither the position description nor the vacancy announcement states or indicates that prior experience as a CBPO, GS-1895, or a Customs Inspector, GS-1890, is a prerequisite for employment as an ACS Specialist. IAF, Tab 16 at 5, 9, Tab 17. He further stipulated that prior service with the agency in a primary position is not required in order to be hired for an ACS Specialist position and that he has personally known individuals in the ACS Specialist position who did not have experience in a primary position prior to being hired as an ACS Specialist. IAF, Tab 16 at 5, 9. We agree with the administrative judge that the appellant's

selection for the ACS Specialist position based upon his prior experience does not establish that such experience was a prerequisite for the position.  ID at 8.

¶11　　　Simply stated, the appellant is not entitled to enhanced CBPO retirement benefits because he failed to show that the ACS Specialist position required service in a primary CBPO position as a prerequisite.  Accordingly, the appellant is precluded from establishing that the ACS Specialist position was a covered secondary position, regardless of what his actual duties in that position were.  *Olszak*, 117 M.S.P.R. 75, ¶ 9 (citing *Villarreal v. Department of Justice*, 87 F. App'x 161, 163 (Fed. Cir. 2004)).[1]  As we ruled in *Olszak,* the dispositive issue in determining if a position is secondary is whether CBPO experience was a prerequisite for the position "regardless of what [the appellant's] actual duties" in the position entailed.  *Id*.  Indeed, even though the agency initially designated the ACS Specialist position as a secondary position in contravention of 5 C.F.R. §§ 842.1002 and 842.1003(b), the Board cannot order payment of an enhanced retirement benefit based on that designation.  *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (the Board cannot order

---

[1]Because *Olszak* was decided prior to the time that OPM had promulgated the regulations at issue in this appeal, the Board there was construing the interim criteria that the agency had developed in consultation with OPM to implement the law.  *See Olszak*, 117 M.S.P.R. 75, ¶ 7.  There are some differences between the terminology in the interim guidance and 5 C.F.R. § 842.1002.  Whereas the relevant portion of 5 C.F.R. § 842.1002 defines "secondary position" as "an executive, managerial, technical, semiprofessional, or professional position for which experience in a primary [CBPO] position is a prerequisite," the relevant portion of the agency's interim guidance in *Olszak* required the appellant to show that "experience as a [CBPO] or equivalent experience in [the Department of Homeland Security] is a mandatory prerequisite" for the position at issue.  *Id.*, ¶ 8.  We find that the Board's analysis in *Olszak* applies with equal force to issues before us in the instant appeal despite these differences.

the payment of federal retirement benefits when the statutory conditions for entitlement to those benefits are not met).[2]

¶12        We have considered the appellant's remaining arguments on review and find that they present no basis to overturn the initial decision.  Thus, we agree with the administrative judge that the appellant cannot challenge the agency's job classification of his ACS Specialist position as a means of establishing that his service in that position qualifies him for enhanced retirement benefits.  ID at 7; *see Crum v. Department of the Navy*, 75 M.S.P.R. 75, 81 (1997) (the Board lacks jurisdiction to review classification decisions).  Further, although the appellant contends that he was denied the opportunity to present his own testimony concerning his current duties, PFR File, Tab 1 at 5, the record reflects that he waived his right to a hearing, IAF, Tab 21 at 1.  In any event, as discussed above, the appellant's proposed testimony concerning his current duties in the ACS Specialist position would provide no basis for disturbing the administrative judge's determination that the position was not secondary because CBPO experience was not a prerequisite for that position.

---

[2] Although the parties stipulated below that the only dispute presented was whether the appellant's ACS Specialist position qualified as a secondary position, in light of the fact that these OPM regulations are relatively new, they permit two scenarios to allow CBPOs to be entitled to receive enhanced retirement benefits, and, because of the appellant's pro se status, we also have considered whether the ACS Specialist position qualified as a primary position and conclude that it does not.  As discussed above, OPM's governing regulation at 5 C.F.R. § 842.1002 defines "primary position" as "a position classified within the [CBPO] (GS-1895) job series (determined by applying the criteria in effect as of September 1, 2007) or any successor position whose duties include the performance of work directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry." (emphasis added).  The ACS Specialist position is not a GS-1895 position and there is no indication that it is a new incarnation of "a position within the GS-1895 series."  Therefore, it is not a "successor position" within the meaning of 5 C.F.R. § 842.1002.

¶13    Accordingly, we conclude that the administrative judge properly affirmed the agency's reconsideration decision denying the appellant's request for enhanced retirement coverage.

## ORDER

¶14    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.